Submitted on record and briefs February 14, affirmed November 12, 1986, reconsideration denied February 13, petition for review denied March 3, 1987 (302 Or 658)

## PEARSON,
*Appellant,*

*v.*

## OGDEN MARINE, INC.,
*Defendant - Third-Party Plaintiff - Respondent.*

### (A8203-01392; CA A37662)

728 P2d 39

Jack Ofelt, Jr., Portland, filed the briefs for appellant.

Craig C. Murphy and Wood Tatum Mosser Brooke & Holden, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action to recover for injuries he sustained while working as first engineer on board the SS TRAVELER, an oil tanker owned and operated by defendant. Two bases for relief were presented to the jury, negligence under the Jones Act, 46 USC § 688, and unseaworthiness under general maritime law. Defendant pled the affirmative defense of contributory negligence with respect to the first claim. The jury found the ship seaworthy, defendant negligent, plaintiff 55 percent contributorily negligent and damages totalling $15,750. The trial court, in accordance with maritime law, entered judgment for plaintiff for $7,087.50. Plaintiff appeals; we affirm.

Plaintiff was injured as a result of being exposed, on two occasions, to a degreasing compound while performing his duties as first engineer on board the ship. He alleges that, as a result of the exposures, he suffered chemical burns and dermatitis and has become sensitized to various chemicals used on ocean-going vessels. His first exposure to the degreaser occurred after a fuel oil valve was left open in the ship's engine room, causing fuel oil to be sprayed on the front of the boiler, which created a fire hazard requiring immediate attention. The chief engineer took command of the engine room and ordered plaintiff to find some degreaser and clean up the spill.

The only degreaser on board was a roll cleaner manufactured by Mar-Kem (Far East). Roll cleaners are a type of marine degreaser primarily used to clean the inside of large storage tanks. A relatively small quantity of the degreaser is pumped into empty tanks, which are then flooded with sea water. The rolling action of the ship at sea causes the solution to slosh around inside the tank, dissolving loose oil and grease. With the assistance of two other seamen, plaintiff pumped a small quantity of the degreaser out of a 55-gallon barrel and into a 5-gallon bucket. The barrel was not marked with any warning or instructions for use. The three seamen used the degreaser in its undiluted form to clean up the spill with mops and rags. None of them wore gloves; however, plaintiff showered when they were done. Three or four days later, he broke out in a rash that covered his arms and part of his face. The rash began to subside eight or nine days later.

The second exposure occurred as plaintiff walked past a deck crew using the same cleaner, and a defective pump caused him to be sprayed in the face. The rash reappeared in an aggravated form, this time taking months to disappear. Since then, he has experienced similar outbreaks for no apparent reason.

Plaintiff assigns as error the trial court's refusal to direct a verdict finding the ship unseaworthy. He contends that, because the 55-gallon barrels containing the degreaser were not marked with any form of warning or directions regarding its use, the ship was unseaworthy as a matter of law, because the degreaser was unreasonably dangerous and not reasonably fit for its intended purpose.[1] We find no error.

Under the warranty of seaworthiness, a ship's owner owes a duty to every seaman employed on the ship to furnish a vessel that is reasonably fit for its intended purpose. *Mitchell v. Trawler Racer, Inc.*, 362 US 539, 550, 80 S Ct 926, 4 L Ed 2d 941 (1960). The warranty contemplates not only the fitness of the vessel, but also its being equipped with safe and proper equipment. *Marstaller v. Albina Dock Co. et al.*, 191 Or 145, 155, 229 P2d 269 (1951). An alleged breach of the warranty usually presents a question of fact, and liability under it is absolute regardless of fault, although contributory negligence may be raised to mitigate damages. *Seas Shipping Co. v. Sieracki*, 328 US 85, 94 n 11, 66 S Ct 872, 90 L Ed 1099 (1946).

Evidence was presented that plaintiff's reaction could have been caused by any one of several chemical

---

[1] Because it is unnecessary to prove fault, proof of negligence often establishes a claim for unseaworthiness. In *Lee v. Pacific Far East Lines, Inc.*, 566 F2d 65, 67 (9th Cir 1977), the court said:

"In defective equipment cases, the concept of unseaworthiness 'swallows' any notion of liability based upon maritime negligence. * * * In such cases, the evidentiary showing required to establish negligence also establishes unseaworthiness because the former requires actual or constructive knowledge while the latter is predicated without regard to fault or the use of due care. Thus, where the claim is based solely on defective equipment and there is no contested issue of proximate cause, if a jury finds negligence it would have to find unseaworthiness." (Citations omitted.)

Here, however, plaintiff's claim of negligence is factually different from his claim of unseaworthiness. He alleged that defendant was negligent in failing to warn plaintiff of the dangers of the degreaser, in asking him to work near or with the degreaser and in failing to provide him with a safe place to work.

components of the degreaser. There was no evidence presented, however, of what percentage of the population might suffer a similar adverse reaction to the product; other seamen exposed to the product suffered little or no reaction. Therefore, viewing the evidence in the light most favorable to defendant, a jury could find that the product in question was not unreasonably dangerous or unfit for its intended purpose, despite the absence of a warning label. Accordingly, it was not error to submit the issue of unseaworthiness to the jury.

The only other assignment we address is the trial court's denial of plaintiff's motion to strike all allegations of contributory negligence regarding the first exposure.[2] Defendant alleged four specifications of contributory negligence, two of which were stricken and two of which were presented to the jury. The submitted specifications were that plaintiff was negligent in using the product in a manner that was not intended and that he was negligent in failing to avoid skin contact with the degreaser. In support of the first specification, defendant argues that plaintiff was aware that the product was not intended to be used in its undiluted form; in support of the second, that plaintiff was negligent in failing to wear gloves, which he knew were available.

■  Only the first specification presents a problem. Although the question is a close one, we conclude that it was not error to submit it to the jury. Plaintiff admitted that most of the chemicals in the engine room contained warnings about skin contact, that he was familiar with degreasing compounds and that all of the other cleaners he had used contained warnings against skin contact. On the other hand, there is evidence that Mar-Kem was the only degreaser available and that, given the fire hazard that had been created by the fuel oil spill, it was reasonable to use Mar-Kem in its undiluted form. A jury could reasonably find that, given plaintiff's 35 years of experience at sea and his knowledge of degreasers, he acted unreasonably in using it without dilution. On this issue, the trial court instructed the jury, without objection:

> "A plaintiff cannot be held contributorily negligent or comparatively negligent at sea for doing an act he is ordered to do

---

[2] The verdict form submitted to the jury did not distinguish liability and damages resulting from the first exposure from that resulting from the second. No error is assigned to the verdict form.

by a superior unless it was apparent to such a plaintiff that obedience to the order would very likely result in physical harm to himself or to others. And such plaintiff, acting pursuant to orders, is not relieved of any obligation of reasonable care under all of the circumstances in carrying out that order."

We have considered plaintiff's other assignments and find no reversible error.

Affirmed.